[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought this action seeking damages for injuries alleged to have occurred as the result of a falldown in the course of her employment on the premises of her employer, the intervening defendant, Whitcomb Motors, Inc., d/b/a Guilford Subaru. Prior to the alleged incident, Guilford Subaru had entered into an assignment of its lease as collateral security for a loan from the defendant, Union Trust Company, and the terms and conditions of that assignment were set forth in a document entitled "Tenant's Assignment of Lease."
Paragraph 5 of the Assignment states:
 Bank's Rights. Upon or at any time after default in the payment of any indebtedness or performance of any obligations secured hereby, or otherwise in the event of an Event of Default under the Loan Agreement, Bank may, at its option, enter upon the Premises, collect and receive any and all rents or income therefrom, take possession of the Premises, operate and manage the same, make repairs and alterations, and do all things that Tenant might do with respect to said Premises, without limitation, and Tenant agrees to cooperate fully with the Bank to accomplish the same.
Paragraph 6 of the Assignment states:
 Limitation of Bank's Liability. The Bank shall not be liable for rent or any other obligation of the Tenant under the Lease and the Tenant shall remain liable for rent and all such other obligations. Specifically, and by way of further explanation of the foregoing, nothing contained herein shall constitute the Bank as an obligor under the Lease or as otherwise responsible for any of CT Page 6488 Tenant's duties thereunder.
In paragraph 7 of the Assignment, Guilford Subaru agrees to indemnify and save harmless Union Trust from any liability or expense incurred by the Bank under either the Assignment or the Lease. In her complaint, the plaintiff alleges that her fall was caused by a dangerous and defective condition, namely a dark-colored metal stake protruding some eight inches out of the ground, created and maintained by the bank. The defendant, Union Trust, moved for summary judgment and, in support of its motion, submitted the aforementioned Assignment and an affidavit in support of its claim that at no time relevant to this action had the bank exercised any control over the premises at issue nor had it deviated from the provisions set forth in the Assignment. The plaintiff's affidavit in reply sets forth no material facts in contradiction of the defendant's evidence.
Section 384 of the Practice Book provides for summary judgment where the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578 (1990). A "material fact" has been defined as a fact which will make a difference in the result of the case. The test is whether a party would be entitled to a directed verdict on the same facts. Connell v. Colwell, 214 Conn. 242, 247 (1990). In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. Id., at 246-247.
The plaintiff's affidavit and copy of the Tenant's Assignment of Lease confirm the fact that at the time of this incident, Guilford Subaru was the tenant in possession and control of the premises pursuant to the lease provisions. Accordingly, the defendant's motion for summary judgment is granted.
Leander C. Gray, Judge